IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CORTEZ,

       Plaintiff,

vs.                                                                                     No. CIV 06-1198 JB/ACT

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, and JOHN WRIGHT,
individually and in his official capacity, as an
employee of the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Dismiss the EEOC and John

Wright in His Official Capacity, and Memorandum in Support, filed July 23, 2007 (Doc. 4).  The

Court held a hearing on the motion on September 17, 2007.  The primary issues are: (i) whether

Plaintiff Robert Cortez may maintain a cause of action against the Defendants Equal Employment

Opportunity Commission ("EEOC") and John Wright in his official capacity in federal court; (ii)

whether the Court should replace by interlineation the EEOC and Wright, in his official capacity,

with the United States; (iii) whether Cortez may maintain his common-law tort claims against the

United States under 18 U.S.C. § 2674's private function analogue for liability; (iv) whether the

Federal Tort Claims Act's discretionary-function bars any common-law tort claims; (v) whether

Cortez can state a Bivens claim against the EEOC and Wright in his official capacity; and (vi)

whether Cortez can bring a claim for unconstitutional taking under the Little Tucker Act.  Because

of sovereign immunity, and Congress' limited waivers of immunity, the Court will dismiss Cortez'

claims against the EEOC and Wright, in his official capacity, as facially invalid under rule 12(b)(1)

of the Federal Rules of Civil Procedure.  The Court will also adopt Cortez' request, in part, to change the case's caption to replace by interlineation the EEOC and Wright in his official capacity with the United States.  The Court will dismiss the common-law tort claims in Cortez' First through Fourth Causes of Action, because 28 U.S.C. § 2674 is not satisfied when there is no analogous private function duty or liability in New Mexico for the EEOC's alleged negligence.  And even if some theory of private liability were applicable, the FTCA's discretionary-function exception applies and bars jurisdiction over Cortez' Complaint against the United States.  Further, Cortez cannot state a <u>Bivens</u> action against the EEOC and Wright, in his official capacity, because there is not waiver of sovereign immunity for such claims.  Finally, the Court will dismiss any claim for an unconstitutional taking because Cortez has made no effort to show that he is attempting to invoke the Court's jurisdiction under the Little Tucker Act.

## <u>FACTUAL BACKGROUND</u>

The EEOC did not file a civil action on Cortez' behalf, but issued a right to sue letter to Cortez after completing its investigation and efforts at conciliation.  <u>See</u> Complaint ¶ 44, at 6, filed Dec. 7, 2006 (Doc. 1), 29 U.S.C. § 626(e); 29 C.F.R. § 1626.18.  Cortez was then free to file a private civil action within ninety days after the EEOC issued the right-to-sue-letter.  <u>See</u> 29 U.S.C. §§ 626(c)(1), 626(e).  Cortez filed an action, and private counsel represented Cortez in the civil action.  <u>See</u> <u>Cortez v. Wal-Mart Stores, Inc.</u>, No. CIV 03-1251 (D.N.M. 2004)(Black, J.), Entry of Appearance, filed Feb. 17, 2004 (Doc. 5).

In <u>Cortez v. Wal-Mart Stores, Inc.</u>, No. CIV 03-1251 (D.N.M. 2004)(Black, J.), Cortez filed a complaint against Wal-Mart Stores, Inc. for race and age discrimination under Title VII.  <u>See</u> Complaint for Racial and Age Discrimination Under Title VII, filed Oct. 30, 2003 (Doc. 1).  On January 14, 2005, the Honorable Bruce D. Black issued a Memorandum Order and Opinion which

dismissed some of Cortez' claims for failure to exhaust.  See Memorandum Order and Opinion at 4-6, filed Jan. 14, 2005 (Doc. 50).  The claims dismissed for failure to exhaust included failure to promote and constructive discharge.  See id.  On May 19, 2005, a judgment was entered in favor of Cortez following a jury trial on his remaining claims.  See Judgment, filed May 19, 2005 (Doc. 94).  Cortez recovered from Wal-Mart for back pay, liquidated damages, interest accrued on the award from the date of that Judgment's entry, and costs.  See id.  On January 23, 2007, the Judgment was satisfied.  See Satisfaction of Judgment, filed Jan. 23, 2007 (Doc. 128).

The alleged factual basis of Cortez' tort claims is that Wright, as the investigator for the EEOC on Cortez' charges of age discrimination, did not amend Cortez' charges or file additional charges of discrimination on Cortez' behalf with respect to a number of possible subsequent, additional claims -- failure to promote, hostile workplace, retaliation, and constructive discharge.  See Complaint for Damages, and Other Relief ("Complaint") ¶¶ 44-51, at 6-7, filed Dec. 7, 2006 (Doc. 1). As a result, these claims were barred for Cortez' failure to exhaust as discrete acts required by the Supreme Court's decision in Nat'l R.R. Passengers Corp. v. Morgan, 536 U.S. 101 (2002), and the Tenth Circuit's opinion in Martinez v. Potter, 347 F.3d 1208 (10th Cir. 2003).  See Complaint ¶ 46, at 6.  Cortez alleges that he informed Wright of different instances of a failure to promote, retaliation, and forced resignation, but Wright failed to amend or file additional charges of discrimination.  See Complaint ¶¶ 47-49 at 6-7.  Cortez also claims EEOC failed to instruct him that "he had 300 days to file additional charges of discrimination with the EEOC from the date of the last act of discrimination by his employer."  Complaint ¶ 50, at 7.

## PROCEDURAL BACKGROUND

Cortez' First through Fourth Causes of Action attempt to state common-law tort claims against the EEOC and Wright, in his official capacity, for alleged negligence in conducting their

investigations of Cortez' charges of discrimination that resulted in some of his claims being dismissed by the Honorable Bruce Black in CIV No. 03-1251.  See Complaint ¶¶ 53-72, at 7-10. In Cortez' Fifth Cause of Action, he attempts to state a constitutional claim against the EEOC and Wright, in his official capacity, for damages.  See Complaint, ¶¶ 73-79, at 10-11.  Wright is also sued individually for his alleged negligence in investigating Cortez' claims.  See Complaint at 1.The Assistant United States Attorney representing the United States on behalf of the EEOC and Wright, in his official capacity, has not entered an appearance for Wright individually.  See Notice of Entry of Appearance, filed July 12, 2007 (Doc. 3).

Cortez opposes this motion.  See Plaintiff Robert Cortez' Response in Opposition to the United States of America's Motion to Dismiss Defendants EEOC and John Wright, and Supporting Memorandum ("Cortez' Response"), filed Aug. 21, 2007 (Doc. 5).  The United States, on behalf of the EEOC and Wright, in his official capacity, requests that the Court dismiss Cortez' Complaint under rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of jurisdiction and for failure to state a claim against these Defendants.  See Motion to Dismiss the EEOC and John Wright in his Official Capacity, and Memorandum in Support ("USA's dismissal motion"), filed July 23, 2007 (Doc. 4).  Cortez argues that, because "the EEOC is in charge of discrimination charges, the filing of a party's claim is not discretionary." Cortez' Response at 7.  He also argues that issuing a right to sue letter at the end of an EEOC investigation and, "[d]eciding to file one charging document  when the Supreme Court mandated separate charges for discreet acts of discrimination is not discretionary." Cortez' Response at 7. Cortez submitted Ortiz v. United States Border Patrol, 39 F.Supp. 2d 1321 (D.N.M. 1999) (Black, J.) (, as supplemental briefing. See Notice of Attachment, filed Sept. 17, 2007 (Doc. 12).

**STANDARDS FOR DETERMINING MOTIONS FILED UNDER
RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Cortez contends that, because the EEOC and Wright submitted exhibits, their motion to dismiss was converted into one for summary judgment.  See Cortez' Response at 5 (citing rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure); Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").   The Court does not rely upon outside materials submitted by the EEOC and Wright in support of the USA's dismissal motion in considering whether dismissal is appropriate under either rule 12(b)(1) or rule 12(b)(6).  See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (stating that "the failure to convert a 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials.").

Issues about the United States' sovereign immunity, however, also implicate the federal district court's jurisdiction.  If Congress has not waived sovereign immunity, the federal court does not have jurisdiction to hear the claim.  The court must thus determine whether the Complaint states a cognizable cause of action against the United States to determine jurisdiction.

**A.     RULE 12(b)(1).**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  The party invoking federal jurisdiction bears the burden of establishing its existence. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-189

(1936); <u>Miller v. United States</u>, 710 F.2d 656, 662 (10th Ci r. 1983).  In this, the plaintiff, Cortez, bears the burden of demonstrating the court's jurisdiction to hear his claims.

    **B.**    **RULE 12(b)(6).**

    Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, and view those allegations in the light most favorable to the non-moving party and draw all reasonable inferences in the plaintiff's favor. <u>See</u> <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006); <u>Hous. Auth. of Kaw Tribe v. City of Ponca City</u>, 952 F.2d 1183, 1187 (10th Cir. 1991). A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 1965 (internal citation omitted). "[T]he Supreme Court recently [. . .] prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir.2007)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1967, 1969 (2007)). "The Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." <u>Ridge at Red Hawk</u>,

L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974.)(alterations omitted).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177.

## LAW REGARDING SOVEREIGN IMMUNITY

The United States cannot be sued without its consent.  That Congressional consent is a prerequisite for federal court jurisdiction.  As any plaintiff, Cortez bears the burden of proving that Congress has waived sovereign immunity for all of his claims.

### A.    GENERAL PRINCIPLES REGARDING SOVEREIGN IMMUNITY AND FEDERAL COURT JURISDICTION.

It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 (1983)(citations omitted).  See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).  As with any jurisdictional issue, the party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived.  See James v. United States, 970 F.2d 750, 753 (10th Cir. 1992).  A waiver of sovereign immunity cannot be implied and must be unequivocally expressed. See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Murdock Mach. and Eng'g Co. of Utah, 81 F.3d 922, 930 (10th Cir. 1996).

### B.    IMMUNITY OF FEDERAL AGENCIES

With respect to the EEOC, "a federal agency cannot be sued for damages eo nomine without

explicit statutory authorization." Navy, Marshall & Gordon, P.C. v. U.S. Int'l Dev. Coop. Agency, 557 F.Supp. 484, 488 n.4 (D.D.C. 1983). See Blackmer v. Guerre, 342 U.S. 512, 515 (1952)("When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."). A federal department or agency may be sued only if Congress has authorized the action, because the United States is the real party in interest. See Ghandi v. Police Dep't of Detroit, 747 F.2d 338, 342-343 (6th Cir. 1984)("This rule also applies to a suit against a federal agency, such as the FBI, since the United States is the real party in interest."); Radin v. United States, 699 F.2d 681, 685 (4th Cir. 1983)("It is well settled that the United States, as sovereign, is absolutely immune from suit except as Congress specifically provides, and any waivers of immunity are to be strictly construed." ); Gardner v. I.R.S, No. 99-1176, 2000 WL 34327006, at * 2 (D.N.M. Dec. 14, 2000) (Conway, J.) (citing Blackmar v. Guerre, 342 U.S. 512 (1952)).

### C.   THE FEDERAL TORT CLAIMS ACT

The only statutory authority to sue the United States for common-law torts is under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The FTCA waives the United States' sovereign immunity in tort actions against the United States for money damages. Congress has explicitly provided, however, that the only proper party in an action under the FTCA is the United States, not the agency. See 28 U.S.C. § 2679(a); Romanach v. United States, 579 F.Supp. 1017, 1018 n.1 (D.P.R. 1984)(holding that no suit under the FTCA may lie against any agency of the United States eo nomine); Painter v. F.B.I., 537 F.Supp. 232, 236 (N.D.Ga. 1982)(holding that "[t]he FBI may not be sued eo nomine).

In enacting the FTCA, Congress defined the terms and conditions under which the United States may be sued in tort. Section 1346(b) of Title 28, United States Code, provides, in pertinent

-8-

part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be held liable to the claimant in accordance with the law of the place where the act or omission occurred.

A companion section of the FTCA provides that the United States is liable "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.

Together these sections ensure that the United States is placed in the same position as a private individual by rendering the United States liable for the tortious conduct of its employees if such conduct is actionable in the state in which the United States' action or inaction occurred.  The FTCA's waiver of sovereign immunity is limited, however.  If the claim does not fall within the FTCA's express provisions, or if it falls within one of its exceptions, the claim is not cognizable under the FTCA, and the court must deny relief.  See Williams v. United States, 50 F.3d 299, 304-305 (4th Cir. 1995).

While the FTCA waives the United States' sovereign immunity for certain negligence claims, it does so only if a private person, performing the same act as the United States, would be liable under the governing state law.  See 28 U.S.C. § 2674.  A public regulatory function such as processing and investigating discrimination charges is a uniquely governmental function that private persons are incapable of performing.  See United States v. Agronics, Inc., 164 F.3d 1343, 1345-1346 (10th Cir. 1999).  As the United States Court of Appeals for the Tenth Circuit stated in United States v. Agronics, Inc.:

> It is virtually axiomatic that the FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs. Other courts invoke the same rule by the shorthand

expressions of immune quasi-legislative or quasi-judicial action. The underlying principle is that the FTCA's waiver of sovereign immunity is limited to conduct for which a private person could be held liable under state tort law, and federal statutory duties regarding peculiarly administrative acts generally involve a type of conduct that private persons could not engage in, and hence could not be liable for under local law. Thus, for example, courts have rejected FTCA claims premised upon such administrative/regulatory acts or omissions as (1) the FAA's failure to take enforcement action against an entity not complying with federal laws and rules; (2) the USDA's failure to prohibit the exportation of disease-exposed cattle; and (3) various agencies' noncompliance with proper rulemaking procedures.

164 F.3d at 1345-46 (internal citations and quotations omitted).

The FTCA also contains several exceptions that preclude the United States' liability. One of these exceptions is the discretionary-function exception, which provides that the FTCA shall not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary-function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The Supreme Court of the United States has characterized § 2680(a) as the "boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).

The exception must be strictly construed in the United States' favor. See U.S. Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992) (stating that "[w]aivers of immunity must be strictly construed in favor of the sovereign and not enlarged beyond what the language requires.") (internal citations and quotations omitted). Its application is a threshold jurisdictional issue in any case brought under the FTCA. See Johnson v. U.S. Dep't of Interior, 949 F.2d 332, 335 (10th Cir. 1991).

In Berkovitz v. United States, 486 U.S. 531 (1988), the Supreme Court enunciated a two-prong analysis for determining when the FTCA's discretionary-function exception applies. See id.

at 536; Domme v. United States, 61 F.3d 787, 789-90 (10th Cir. 1995); Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 972-73 (10th Cir. 1994); Kiehn v. United States, 984 F.2d 1100, 1102-1103 (10th Cir. 1993).  First, the acts or omissions must be "discretionary in nature, acts that 'involve an element of judgment or choice.'" United States v. Gaubert, 499 U.S. 315, 322 (1991)(quoting Berkovitz v. United States, 486 U.S. at 536).  Second, the conduct must be "based on considerations of public policy."  United States v. Gaubert, 499 U.S. at 323 (quoting Berkovitz v. United States, 486 U.S. at 537).  In applying the Berkovitz v. United States analysis, the question of negligence is irrelevant: "When the government performs a discretionary function, the exception to the FTCA applies regardless of 'whether or not the discretion involved be abused.'"  Redman v. United States, 934 F.2d 1151, 1157 (10th Cir. 1991) (quoting 28 U.S.C. 2680(a).).

Conduct is protected under the second prong of the analysis in Berkovitz v. United States if it was or could have been, "'based on considerations of public policy.'" Kiehn v. United States, 984 F.2d 1103, 1105 (quoting Berkovitz v. United States, 486 U.S. at 537).  This principle is a result of the rule that the second prong requires that the challenged conduct must be, by its nature, "susceptible to policy analysis."  United States v. Gaubert, 499 U.S. at 325.  Where agency policy allows an employee to exercise discretion, there is a "strong presumption" that the acts authorized by the policy are grounded in public policy.  United States v. Gaubert, 499 U.S. at 324.  Where a plaintiff alleges a negligent omission, it is "'irrelevant whether the [omission] was a matter of deliberate choice, or a mere oversight.'" Kiehn v. United States, 984 F.2d at 1105 (internal quotations omitted).  "The failure to consider some or all critical aspects of a discretionary judgment does not make that judgment less discretionary and does not make the judgment subject to liability." Id.

The FTCA's discretionary-function exception protects the challenged conduct if it involves

judgment or choice, and is the kind of conduct of a kind that could be based on public policy.  See United States v Gaubert, 499 U.S. at 324-325.  The two-prong test in Berkovitz v. United States applies equally to all government employees, regardless of their rank or position: "[I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case."  United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. at 813.  See United States v. Gaubert, 499 U.S. at 325 ("Discretionary conduct is not confined to the policy or planning level.");  United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. at 811 ("Where there is room for policy judgment and decision there is discretion.  It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable.")(internal quotations and citation omitted).

Generally, the discretionary-function exception covers law enforcement and investigatory activities.  See Hobdy v. United States, 968 F.2d 20 (10th Cir. 1998)(Table), 1992 WL 149871, at *2.  For example, in Pooler v. United States, 787 F.2d 868, 871 (3rd Cir.), cert. denied, 479 U.S. 849 (1986), the United States Court of Appeals for the Third Circuit found the discretionary-function exception covered alleged deficiencies in investigative methods that led to the plaintiff's arrest.  In so doing, the Third Circuit further stated: "Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception." Pooler v. United States, 787 F.2d at 871.  This enforcement and investigatory discretion implicates policy factors on how to best achieve the agency's goals and mission under the statutes and regulations it is responsible for administering.  See Kelly v. United States, 924 F.2d 355, 361-362 (1st Cir. 1991)(noting that decisions to investigate are at the core of

-12-

law-enforcement activity and are protected by the exception); Doherty v. United States, 905 F.Supp. 54, 56 (D. Mass. 1995)(explaining that process of deciding how and when to seek a search warrant is grounded in policy considerations).

Certain aspects of an investigation may be considered non-discretionary if officials fail to follow specific agency mandates or directives governing their conduct.  See Couzado v. United States, 883 F.Supp. 691, 694-95 (S.D. Fla. 1995), aff'd in Couzado v. United States, 105 F.3d 1389, 1395-97 (11th Cir. 1997) (affirming  judgment of the district court imposing liability upon the government pursuant to the FTCA because Customs agent's failure to divulge critical information and to cooperate with the DEA in executing the controlled delivery negligently compromised the safety of the passengers and the crew and proximately caused the plaintiffs' injuries.).

Ortiz v. United States Border Patrol, 39 F.Supp. 2d 1321 (D.N.M. 1999) (Black, J.), does not bolster  Cortez' Response.  In Ortiz v. United States Border Patrol, the court noted that, "in the context of activities peculiar to law enforcement, some courts have established exceptions to the principle that the proper comparison in FTCA cases is to private, nongovernment individuals."  39 F.Supp. 2d at 1324.  "However, these cases only serve to illustrate that there is a significant difference under the FTCA between 'private persons' and government employees, and that the primary inquiry is how a private person in similar circumstances would be treated under state law."  Id.  The Border Patrol agents in Ortiz v. United States Border Patrol "were not engaged in a function unique to law enforcement when they stopped to render aid at the accident scene."  39 F.Supp. 2d at 1325.  "Thus, a private analogue for their actions is readily available" and the Border Patrol was therefore liable for its agents' actions only to the extent that a private person, in the same circumstances, would be liable. Id.

## D.      SUITS AGAINST FEDERAL EMPLOYEES

Likewise, an action against a federal employee in his official capacity is, in effect, an action against the United States to the extent it seeks to impose liability on the United States.  See Hafer v. Melo, 502 U.S. 21, 31 (1991)(holding that the real party in interest in an official capacity suit is the government and not the named official); Brandon v. Holt, 469 U.S. 464, 472 n.2 (1985).  An action against federal employees in their official capacities is in effect a suit against the United States for which a waiver of sovereign immunity must exist.  "[A]n official capacity suit is 'only another way of pleading an action against an entity of which an officer is an agent.'"  Johnson v. Bd. of County Comm'rs for County of Fremont, 85 F.3d 489, 493 (10th Cir. 1996)(quoting from Kentucky v. Graham, 473 U.S. 159, 165 (1985)).  See Turner v. Houma Mun. Fire and Police Civil Servs. Bd., 229 F.3d 478, 483 (5th Cir. 2000); Smith v. Rossette, 250 F.Supp.2d 1266, 1268 (D.Or. 2003)(holding that the plaintiff may seek relief for actions of individuals taken in their official capacities only from the United States, not from the individual defendants); Benson v. United States, 969 F.Supp. 1129, 1135 n.6 (N.D. Ill. 1997)(noting that a suit against a federal official in his official capacity is a suit against the United States).  The only waiver of sovereign immunity for common-law tort actions the United States is the FTCA, and the FTCA provides that the remedy against the United States is exclusive of any remedy against the federal employee:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

The basic theory of a <u>Bivens</u> claim is that the federal employee, by acting in violation of the constitution, is liable in his individual capacity, not in his official capacity.  See <u>F.D.IC. v. Myers</u>, 510 U.S. 471, 484-486.  As the Tenth Circuit stated in <u>Farmer v. Perrill</u>, 275 F.3d 963 (10th Cir. 2001):

> There is no such animal as a <u>Bivens</u> suit against a public official tortfeasor in his or her official capacity.  Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.  Because a <u>Bivens</u> claim may not be brought directly against the United States as such, an "official capacity <u>Bivens</u> suit" would be an oxymoron.

275 F.3d at 963 (citations omitted).  It is well established that the United States has not waived its sovereign immunity to be sued for constitutional torts under any theory.  <u>F.D.IC. v. Myers</u>, 510 U.S. at 477; <u>Ascot Dinner Theatre v. Small Bus. Ass'n</u>, 887 F.2d 1024, 1031-32 (10th Cir. 1989).

## THE TUCKER ACT

The exclusive jurisdiction for claims of unconstitutional taking of private property over $10,000.00 in amount is vested in the United States Court of Federal Claims pursuant to the Tucker Act.  <u>See</u> 28 U.S.C. § 1491(a)(1); <u>Narramere v. United States</u>, 960 F.2d 1048, 1051 (9th Cir. 1992) ("When a property owner seeks compensation for a taking beyond the scope of the Government's condemnation action, the proper remedy is the Tucker Act; thus, when damages exceed $10,000, the proper forum is the Claims Court.") ; <u>Anchor Pointe Boat-A-Minimum v. Meinke</u>, 860 F.2d 215, 218 (6th Cir. 1988) ("The Tucker Act vests exclusive jurisdiction over money claims against the United States greater than $10,000 in the United States Claims Court.").  The Little Tucker Act grants concurrent jurisdiction to the United States District Court in cases where the amount in controversy is less than $10,000.  <u>See</u> 28 U.S.C. §1346(a)(2).  A plaintiff attempting to invoke the subject matter of the federal district courts bears the burden to establish his or her claim does not

exceed the $10,000.00 jurisdictional limit established by the Little Tucker Act.  See Colorado Dep't of Highways v. U.S. Dep't of Transp., 840 F.2d 753, 755 (10th Cir. 1988) ("A party cannot avoid the exclusive jurisdiction of the Claims Court under the Tucker Act merely by artfully pleading injunctive, declaratory or mandatory relief when the purpose of the suit is to obtain money from the United States in excess of $10,000."); New Mexico v. Regan, 745 F.2d 1318, 1322 (10th Cir. 1984); Roedler v. Dep't of Energy, 255 F.3d 1347, 1351 (Fed. Cir. 2001) (stating that "a Little Tucker Act case may proceed in the district court if recovery is limited to $10,000.")(quoting  Smith v. Orr, 855 F.2d 1544, 1552 (Fed.Cir.1988)) .

### LAW REGARDING EEOC PROCEDURES IN ADEA CASES

It is generally the charging party's obligation to file charges under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.  See 29 U.S.C. § 626(d); 29 C.F.R. § 1626.8.  The EEOC's obligation is not to file or amend charges on the charging party's behalf, although it "may render assistance in the filing of a charge" under 29 C.F.R. § 1626.4.  Congress has defined the EEOC's statutory role under the ADEA: "Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion."  29 U.S.C. § 626(d).

The EEOC also has the power to investigate charges.  See 29 U.S.C. § 626(a); 29 C.F.R. § 1626.15(a). In addition, the EEOC's role in processing the charges involves a balancing of factors in trying to conciliate a solution with the employer if evidence of discrimination is found.  See 29 U.S.C. § 626(d).  If the EEOC finds that there is sufficient evidence, the EEOC can bring a civil action to enforce the rights of an employee if it so chooses. See 29 U.S.C. § 626(c)(1); 29 C.F.R. § 1626.15(a)&(d).

# ANALYSIS

The Court will dismiss Cortez' claims against the EEOC and Wright, in his official capacity, as facially invalid under rule 12(b)(1).  The Court will also will grant Cortez' request, in part, to change the case's caption to replace by interlineation the EEOC and Wright in his official capacity with the United States.  The Court will then dismiss the  common-law tort claims in Cortez' First through Fourth Causes of Action in his Complaint against the United States, because 28 U.S.C. § 2674 is not satisfied when there is no analogue of private individual duty or liability for the EEOC's alleged negligence in New Mexico.  Moreover, because the United States is able to satisfy both prongs of the <u>Berkovitz v. United States</u> analysis with respect to the challenged acts and omissions in this action, the FTCA's discretionary-function exception applies and bars jurisdiction over Cortez' Complaint against the United States even if some theory of private party liability were applicable.  Furthermore, Cortez cannot state a <u>Bivens</u>  action against the EEOC and Wright, in his official capacity, because there is no waiver of sovereign immunity for such claims against the United States and its agencies, or federal officials in their official capacities. Lastly, the Court need not decide whether Cortez' allegations against the United States are sufficient to state a claim for an unconstitutional taking because Cortez has not made an effort to show that he is attempting to invoke the Court's jurisdiction under the Little Tucker Act.

## I.    THE COURT WILL DISMISS CORTEZ' CLAIMS AGAINST THE EEOC AND WRIGHT, IN HIS OFFICIAL CAPACITY, BECAUSE THEY ARE IMPROPERLY NAMED AS PARTIES.

Cortez has named the EEOC and Wright, in his official capacity, as parties, <u>see</u> Complaint at 1, but the only proper party is the United States. Cortez has not named the United States. Accordingly, Cortez' claims against the EEOC are facially invalid, and the Court will dismiss them under rule 12(b)(1).  Moreover, the Court will dismiss Cortez' claims against Wright , in his official

capacity, as well.  See Williams v. United States, 54 Fed. Appx 290, 292 (10th Cir. 2002)("[FTCA]

claims are properly brought only against the United States and not against individual officers.").

## II.     THE COURT WILL ADDRESS CORTEZ' CLAIMS AGAINST THE UNITED STATES.

Cortez does not vigorously dispute that he improperly named the EEOC and Wright in his

official capacity.  See Cortez' Response at 8-9.  Indeed, Cortez concedes that the United States "may

be the real party in interest." Cortez' Response at 9.  Nevertheless, Cortez makes a policy argument

why the Court should create an exception for the EEOC.  See Cortez Response at 7, 9.

Cortez suggests that the EEOC's mandate as an agency uniquely qualifies it as an agency

that can be sued.  See Cortez Response at 7.  Cortez argues that the EEOC is unlike any other agency

of the United States.  See Cortez Response at 9.  Cortez notes that the EEOC has the option of

representing individuals in employment discrimination matters and, as such, if an agency can sue,

the Court should grant leave to sue the EEOC as a named party.  See Cortez Response at 4.

The Court need not disagree with Cortez' characterization of the EEOC or his rationale for

an exception for the EEOC.  It is sufficient for the Court to note that Cortez is making these

arguments to the wrong branch of the United States government.  Given controlling Supreme Court

and Tenth Circuit precedent, Cortez is not free to sue the EEOC, because Congress has not waived

its sovereign immunity.  See 28 U.S.C. 1346(b); 28 U.S.C. § 2679(a); United States v. Nordic

Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538 (1980); United

States v. Murdock Mach. and Eng'g Co. of Utah, 81 F.3d 922, 930 (10th Cir. 1996).  Accordingly,

Congress, not this District Court, is the proper entity to make an exception from the general rules

embodied in its statutes.

More forcefully, Cortez contends that the United States entered its appearance on behalf of

the EEOC and Wright, in his official capacity.  See Cortez Response at 8-9.  Specifically, Cortez asserts that the United States has entered its appearance on behalf of the EEOC and Wright, in his official capacity, without asking for the Court's leave to enter a special appearance.  See id. at 8. Cortez maintains that, because there are no notice or service of process issues, the Court can change the case's caption by interlineation, and the real party in interest can be named.  See id. at 8-9. Cortez suggests that, once the Court has made its decision concerning the substantive issues, Cortez can file a motion to change the name of the real party in interest by interlineation, without prejudice to the United States or Wright.  See Cortez Response at 9.

The United States does not respond to this argument and presumably does not oppose this suggestion.  See Reply in Support of Motion to Dismiss the EEOC and John Wright in His Official Capacity, and Memorandum in Support, filed Sept. 9, 2007 (Doc. 7).  The United States has proceeded to brief extensively the substantive issues and apparently also wants an answer to the questions.  See USA's dismissal motion at 3-16.  Accordingly, the Court will adopt Cortez' request in part and change the case's caption to replace by interlineation the EEOC and Wright, in his individual capacity, with the United States.

## III.    CORTEZ' CLAIMS FAIL TO STATE COMMON-LAW TORT CLAIMS FOR WHICH A PRIVATE PARTY WOULD BE LIABLE AND ARE THUS NOT WITHIN THE FTCA'S WAIVER OF SOVEREIGN IMMUNITY.

If there is no analogous private function, duty, or liability in New Mexico for the EEOC's alleged negligence, then the "private individual" requirement of 28 U.S.C. § 2674 is not satisfied. See United States v. Muniz, 374 U.S. 150, 153 (1963); Green Acres Enters. v. United States, 418 F.3d 852, 857 (8th Cir. 2005)(holding that alleged errors in enforcement and permitting decision under the Clean Water Act are uniquely governmental and do not give rise to FTCA liability); Jayvee Brand, Inc. v. United States, 721 F.2d at 396 (dismissing a tort claim against the federal

-19-

government based upon actions of the Consumer Product Safety Commission because the actions involved conduct in which private person would not engage); First Nat. Bank in Albuquerque v. United States, 552 F.2d 370, 376-77 (10th Cir. 1977 ).  There is no FTCA liability, because there is no private analogue to the EEOC's work in processing and investigating discrimination charges.

Cortez views the EEOC as his lawyer.  See Cortez' Response at 4 ("And although, the EEOC investigator may or may not be an attorney, by the very nature of the investigation that must be completed, the investigator must be well versed in the intricacies of the discrimination laws so the investigator can advise the charging party.").  The EEOC, however, does not occupy a lawyer's fiduciary/professional service position vis-a-vis charging parties.  The EEOC could run afoul of state laws concerning the unlawful practice of law if it offered legal advice to charging parties.  See N.M.S.A. 1978 §§ 36-2-27, 36-2-28. Ultimately, Cortez, not the EEOC, is responsible for knowing the law, including any changes that may affect his rights.

The EEOC had no state law duty to Cortez to advise or instruct him on how to protect his legal rights under the ADEA.  Nor has Cortez pointed to any federal law, regulation, or guidance requiring the EEOC to become his legal advisor.  Any assistance the EEOC provided Cortez was pursuant to its discretionary authority to further the goals and purposes of the ADEA and regulations, not under some duty that state law created.  See 29 U.S.C. § 626(d); 29 C.F.R. §§ 1626.8, 1626.4.

Even if the EEOC's actions were somehow deemed in violation of the statutes or regulations, that breach would not create a state-law duty.  See Florida Auto Auction of Orlando, Inc. v. United States, 74 F.3d 498, 505 (4th Cir. 1996)(noting that a failure to follow a regulation is not a breach of any state-law duty); George Byers Sons v. East Europe Import Export, 463 F.Supp. 135, 137-138 (D.Md. 1979)(observing that the scope of waiver of immunity in FTCA is generally limited to

-20-

"ordinary common-law torts," not violations of federal statutes and regulations); Central Airlines, Inc. v. United States, 169 F.3d 1174, 1175 (8th Cir. 1999)(explaining that the misrepresentation of an agency's regulations does not give rise to a state-law tort).  Thus, the Court will dismiss Cortez' common-law tort claims in the First through Fourth Causes of Action of his Complaint, because they do not fall within the waiver of sovereign immunity in the FTCA for liability as a private party.

## IV.    EVEN IF SOME THEORY OF PRIVATE-PARTY LIABILITY APPLIED, THE DISCRETIONARY-FUNCTION EXCEPTION IN THE FTCA BARS THE CLAIMS.

Because the United States is able to satisfy both prongs of the Berkovitz v. United States analysis with respect to the challenged acts and omissions in this action, the FTCA's discretionary-function exception applies and bars jurisdiction over Cortez' Complaint.  Judgments on how to investigate violations or to enforce federal law by officials charged with their implementation are permeated with discretion.  See United States v. Agronics, Inc., 164 F.3d 1343, 1345-46 (10th Cir. 1999).  Administrative and enforcement activities are immune under the discretionary-function exception, because they are analogous to prosecutorial decisions whether, when, and against whom to initiate prosecution.  See Pooler v. United States, 787 F.2d 868, 871(8th Cir. 1986).

Cortez has pointed to no specific agency mandates or directives that the EEOC or Wright, in his official capacity, violated.  Cortez' claims are, in essence, that the EEOC did not advise him of a change in case law.  See Cortez' Complaint ¶¶ 44-46, at 6.  The EEOC had no duty to do so, and such advice, if given, would be discretionary.

The role of the EEOC, at the investigative and processing stage, is not to be Cortez' advocate but to work with both the charging party and the employer to evaluate the merits of the charges and seek a resolution of the charges acceptable to all parties.   The EEOC's role in the investigation of charges involves a balancing of factors to evaluate the charge allegations in light of all the evidence

obtained.  See Sabow v. United States, 93 F.3d 1445, 1453-54 (9th Cir. 1996)(explaining that

decisions how to investigate, who to investigate, and how to present evidence to proper authorities

are classic examples of discretionary conduct).  That role involves both judgment and the balancing

of policy factors under the ADEA and applicable regulations.  Accordingly, the discretionary-

function exception to the FTCA bars Cortez' common-law tort claims in his First through Fourth

Causes of Action in his Complaint.

## V.    SOVEREIGN IMMUNITY BARS CORTEZ' CONSTITUTIONAL DAMAGES CLAIMS.

       To the extent that Cortez is attempting to state a Bivens  action against the EEOC and

Wright,  in his official capacity, there is no waiver of sovereign immunity for such claims against

the United States and its agencies, or federal officials in their official capacities.  See FDIC v.

Meyer, 510 U.S. at 484-485; Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997).

Sovereign immunity bars the claims by Cortez seeking monetary damages for alleged tortious

violations of the Constitution by the EEOC and Wright in their official capacities.

       It may be that the Fifth Cause of Action is a claim for an unconstitutional taking of private

property.  The Court need not decide whether the allegations are sufficient to state a claim for an

unconstitutional taking, but will leave that issue for another day.  While the Little Tucker Act, 28

U.S.C. §1346 (a)(2), grants concurrent jurisdiction to the United States District Court in cases where

the amount in controversy is less than $10,000, see 28 U.S.C. §1346(a)(2), a plaintiff attempting to

invoke the subject matter of the federal district courts bears the burden to establish his claim does

not exceed the $10,000.00 jurisdictional limit established by that Act.  See Colorado Dep't of

Highways v. U.S. Dep't of Transp., 840 F.2d 753, 755 (10th Cir. 1988).  Cortez has made no effort

to show he is brining a claim under the Little Tucker Act.

**IT IS ORDERED** that the Motion to Dismiss the EEOC and John Wright in His Official Capacity, and Memorandum in Support is granted in part.  Plaintiff Robert Cortez' claims against Defendants EEOC and John Wright, in his official capacity, are dismissed.  The Court will grant Cortez' request, in part, to change the case's caption to replace by interlineation the EEOC and Wright, in his official capacity, with the United States.  The  common-law tort claims in Cortez' First through Fourth Causes of Action in his Complaint against the United States are dismissed with prejudice.  Cortez' Fifth Cause of Action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Augustine M. Rodriguez, Jr.
Rodriguez Law Firm
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John W. Zavitz
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendants Equal Employment*
    *Opportunity Commission, John Wright, in his*
    *official capacity, and the United States of America*